IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MILTON TAYLOR,                          :
                                        :
    Petitioner,                         :
                                        :
v.                                      :    Civil Action No. 11-1251-CFC
                                        :
ROBERT MAY, Warden, and                 :
ATTORNEY GENERAL OF THE                 :
STATE OF DELAWARE,                      :
                                        :
    Respondents.                        :

---

## **MEMORANDUM ORDER**

At Wilmington this Twenty-second day of June in 2023, having considered Petitioner's unopposed Motion requesting an extension of time to file a notice of appeal concerning the Court's March 29, 2023 Memorandum and Order denying his Rule 59 Motion to Alter or Amend its Judgment denying Petitioner's habeas Petition (D.I. 98);

IT IS HEREBY ORDERED that Petitioner's Motion (D.I. 98) is **DENIED** for the reasons that follow.

1. The Court denied Petitioner's § 2254 Petition on March 29, 2023. (D.I. 94; D.I. 96) Petitioner filed a Rule 59 Motion to Alter the Court's Judgment denying his Petition (D.I. 93), which the Court denied on March 29, 2023 (D.I. 94; D.I. 95). Petitioner filed a notice of appeal from that decision on May 6, 2023. (D.I. 96) On May 24, 2023, Petitioner filed the pending unopposed Motion for a thirty-day extension of

time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure
4(a)(5)(A).[1]  (D.I. 98)

2. Federal Rule of Appellate Procedure 4(a)(5)(A) provides that a district court
may grant a motion for an extension of time to file a notice of appeal only if the motion is
filed no later than thirty days after the original due date for the notice of appeal **and** the
moving party shows either excusable neglect or good cause.  *See* Fed. R. App. P.
4(a)(5).

3. As to the time requirement, Rule 4(a)(1)'s initial thirty-day time period to
appeal the Court's March 29, 2023 Memorandum and Order denying Petitioner's Rule
59 Motion (D.I. 94; D.I. 95) expired on April 28, 2023, and Rule 4(a)(5)'s additional
thirty-day period to seek an extension of time to file an appeal expired on May 30,
2023.[2]  Petitioner filed his notice of appeal on May 6, 2023, eight days after the
expiration of the original thirty-day filing deadline.  He filed the instant Motion for an
extension of time to file an appeal on May 24, 2023, six days before the expiration of the
additional thirty-day filing deadline.  (D.I. 98)  Given these circumstances, Petitioner's

---

[1]The Court notes that Petitioner appears to have mistakenly cited Fed. R. App. P.
4(a)(6)—which governs motions to *reopen* the time to file a notice of appeal rather than
motions to *extend* the time to appeal—as his initial support for the instant Motion. (D.I.
98 at 2)  Nevertheless, the Court views the title of the Motion (""Motion to *Extend* the
Notice of Appeal Filing Deadline by 30 Days"), Petitioner's exclusive discussion of the
"excusable neglect" doctrine, and Petitioner's subsequent citation to Fed. R. App. P.
4(a)(5) as demonstrating his intent to obtain an extension of time to file a notice of
appeal rather than a reopening of the time to file a notice of appeal.

[2]The additional thirty-day filing period under Rule 4(a)(5) actually expired on May 28,
2023, which was a Sunday, and the next day, May 29, was a legal holiday.  Therefore,
the thirty-day filing period extended through the end of the next day, May 30.  *See* Fed.
R. App. P. 26(a)(1).

Motion for an extension of time is timely under Rule 4(a)(5).  Therefore, the Court will address whether Petitioner satisfies Rule 4(a)(5)'s good cause or excusable neglect standards.

4.  Petitioner contends that his failure to file a timely notice of appeal was due to his counsel's excusable neglect, and he has provided counsel's affidavit to support this contention.[3]  Counsel's affidavit explains that she drafted a notice of appeal and "sought to file the notice [via CM/ECF] on April 28, 2023," but mistakenly failed to click the final button needed to electronically submit the notice of appeal.  (D.I. 98-1 at 1)  Counsel avers that she "reached the final screen [and] thought in good faith that [she] had hit the final button to file a timely Notice of Appeal."  (*Id.*)  Counsel asserts she did not learn of her failure to submit the notice of appeal until May 5, 2023—when she "sought to print a copy of the notice of appeal" and saw "that there was no [n]otice of [a]ppeal on the Docket."  (*Id.*)  Counsel further asserts that she filed a notice of appeal that same day, May 5, 2023 (*Id.*), yet the docket reflects that the notice of appeal was actually filed on May 6, 2023 (*see* D.I. 96).  In a letter to both Parties dated May 19, 2023, the Third Circuit stated that it "may lack appellate jurisdiction over this appeal" because the notice of appeal "was not filed within the time prescribed by" Federal Rule of Appellate

---

[3]By only addressing the issue of excusable neglect, Petitioner implicitly—and correctly—recognizes that Rule 4(a)(5)'s good cause standard does not apply in this situation. Rule 4(a)(5)'s "good cause standard applies in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  Fed. R. App. P. 4(a)(5) advisory committee's note (2002 amendments).  *See also Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 323 n.2 (3d Cir. Aug. 15, 2012).

Procedure 4(a)(1)(A).  (D.I. 3 at 2 in *Taylor v. Commissioner*, C.A. 23-1858 (3d Cir. May 19, 2023))  The Third Circuit informed the Parties that: (1) "the District Court has discretion to permit and extension of time to file the notice of appeal" under Fed. R. App. P. 4(a)(5); and (2) the "District Court may reopen the time for appeal" in certain limited circumstances articulated in Fed. R. App. P. 4(a)(6).  (D.I. 3 at 2 in *Taylor v. Commissioner*, C.A. 23-1858 (3d Cir. May 19, 2023))  On May 24, 2023, counsel filed the instant Motion for an extension of time to file a notice appeal on Petitioner's behalf.

5.  The concept of excusable neglect calls for a case-specific equitable inquiry by the district court.  *See, e.g., Ragguette*, 691 F.3d at 322, 324-27.  According to the standard articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395-97 (1993), factors to consider in determining whether excusable neglect exists include: (1) the danger of prejudice to the [nonmovant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *See id*; *see also In re Diet Drugs Product Liability Litigation*, 401 F.3d 143, 153-54 (3d Cir. 2005).  Several circuit courts, including the Third Circuit, have indicated that the most important factor for determining whether the moving party has demonstrated "excusable neglect" is the reason for the delay.  *See Ragguette*, 691 F.3d at 331, 333.  *See also Alexander v. Saul*, 5 F.4th 139, 148-49 and n. 5 (2d Cir. 2021); *In re Sheedy*, 875 F.3d 740, 744 (1st Cir. 2017); *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 219 (4th Cir. 2011); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

4

6. In this case, the Court finds that the first two factors—prejudice to the State and the potential impact the delay will have on the judicial proceedings—favor Petitioner. The Court does not perceive any potential prejudice the State might suffer, evidenced by the fact that the State does not oppose the instant Motion. Additionally, the minimal eight-day delay in filing in the notice of appeal demonstrates that granting Petitioner's extension request will not significantly impact the judicial proceedings.

7. The Court further finds that the fourth factor—good faith—tips somewhat in the State's favor. Although the Court accepts counsel's statement that she acted in good faith when she mistakenly believed she had completed the electronic filing procedure for the notice of appeal, the Court cannot view counsel's act of backdating the notice of appeal to April 28, 2023[4] (when she actually filed the notice of appeal on May 5, 2023 and knew the filing was untimely), and her waiting until after she received the Third Circuit's May 19, 2023 letter to file the instant Motion (instead of proactively filing a motion for an extension of time in this Court on or soon after May 6, 2023) as acts performed in good faith.

8. Finally, the Court finds that the third and most important factor—the reason for the delay—weighs in favor of the State. Counsel does not explain why she waited until the last day of the initial thirty-day appellate filing period to attempt to electronically file the notice of appeal. Indeed, given "the nearly ministerial nature of filing a one-page notice of appeal, the court would have expected counsel to seek to file a notice of appeal earlier than" April 28, 2023. *Losa v. Ghisolfi*, 484 F.Supp.3d 268, 273 (E.D.N.C.

---

[4](*See* D.I. 96)

2020).  Additionally, although counsel avers that she did not discover her filing error "until seven days later when she attempted to print from the online docket," (D.I. 98 at 4), counsel does not address the fact that "a notice of such a filing [of a notice of appeal] would have immediately been sent via e-mail to any and all attorneys who had previously entered an appearance in the District Court proceeding."[5]  *Ragguette*, 691 F.3d at 329.  Consequently, "[h]aving not received such a notice [of filing via email], any reasonably competent attorney would have looked into whether a notice of appeal had been properly filed."  *Ragguette*, 691 F.3d at 329.  Given these circumstances, the Court disagrees with counsel's assertion that her failure to comply with the appellate deadline (and, relatedly, her failure to discover the noncompliance with that deadline) amount to a "common error" or a "reasonable mistake."  (*See* D.I. 98 at 3)

9.  In addition, the Third Circuit has held that "'excusable neglect' must be shown up to the actual time the motion to extend is filed," and it "is not overly burdensome to require a putative appellant, who has already missed the 30 day ... mandatory appeal date of Rule 4(a)(1) because of 'excusable neglect,' to file immediately a Rule 4(a)(5) motion to extend when the excuse no longer exists."  *Pedereux v. Doe*, 767 F.2d 50, 51-52 (3d Cir. 1985).  Here, although counsel filed a new notice of appeal on May 6, 2023, she waited until May 24, 2023 to file a motion for an extension of time to file a notice of appeal, and she does not provide a reason for this delay.  *Cf. Hyland v. Smyrna School Dist.*, 2014 U.S. Dist. LEXIS 143993, at *4 (D. Del. Dec. 9, 2014) (finding excusable

_____

[5]For instance, the docket in this case reveals that the CM/ECF system generated and sent an automatic email message to Petitioner's counsel when the notice of appeal was successfully filed on May 6, 2023.  (*See* D.I. 96)

neglect, in part because "Plaintiff made a good faith effort in filing her motion [for an extension of time] without delay.").  Given these circumstances, the Court concludes that the "reason for the delay" factor "strongly weighs against any finding of excusable neglect." *Ragguette*, 691 F.3d at 331.

10.  Thus, after considering all four *Pioneer* factors, the Court finds that Petitioner has failed to demonstrate the excusable neglect necessary to file a belated notice of appeal.

                                                   Colm F. Connolly
                                                   Chief Judge